UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES RAYMOND TOMLIN,

      Plaintiff,

v.                                                                Case No. 21-cv-10641
                                                                  HON.

KEN PERCY, and
CITY OF ST CLAIR SHORES,
JOHN DOES I-III
jointly and severally,
individually and in their official capacities,

      Defendant.

---

Haddad Law Firm, PLC
By: Issa G. Haddad (P71699)
Attorney for Plaintiff
30600 Telegraph Road, Suite 3150
Bingham Farms, Michigan 48025
Tel: (248) 633-8500
Fax: (248) 633-8484
issa@haddlaw.com

---

## PLAINTIFF'S CIVIL RIGHTS COMPLAINT AND JURY DEMAND

NOW COMES Plaintiff, JAMES RAYMOND TOMLIN, by and through

counsel, Issa G. Haddad, and for Plaintiff's Civil Rights Complaint and Jury

Demand, states as follows:

## PARTIES

1.      Plaintiff JAMES RAYMOND TOMLIN was at all relevant times a resident of the State of Michigan, County of Macomb, and City of St Clair Shores.

2.      Defendant, KEN PERCY, was at all relevant times a police officer for the City of St Clair Shores who was acting under color of state law.  He is sued in his individual capacity.

3.      Defendant, CITY OF ST CLAIR SHORES, is a municipal corporation in the County of Macomb, State of Michigan.

4.      Defendant JOHN DOES I-III, were at all relevant times police officers for the City of St Clair Shores who were acting under color of state law. They are sued in their individual capacities.

5.      The acts of Defendants PERCY and CITY, were undertaken intentionally, willfully, wantonly, maliciously, sadistically and with callous disregard for TOMLIN's rights, health and wellbeing, entitling him to punitive damages under federal law and exemplary damages under state law.

## JURISDICTION

6.      This Court has jurisdiction to hear this matter pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343, and 28 U.S.C. § 1367, *et seq*.

## VENUE

7.      This Court has venue over this matter pursuant to 28 U.S.C. § 1391.

## FACTS

8.     On June 27, 2019, Plaintiff was his motorcycle on 12 Mile road in the City of St Clair Shores.

9.     Defendant PERCY was driving a marked police car in pursuit of Plaintiff.

10.     Defendant PERCY engaged his emergency lights and sirens to effectuate a stop of Plaintiff.

11.     Defendant was in pursuit of Plaintiff for about two minutes.

12.     Plaintiff then turned north from 12 Mile road, stopped and gave himself up by putting his arms up on the air.

13.     Defendant PERCY pulled up to Plaintiff and exited his patrol vehicle with his firearm withdrawn from the holster, yelling for Plaintiff to get on the ground.

14.     Plaintiff now standing next to his motorcycle followed these instructions by Defendant PERCY and got on the ground.

15.     As soon as Defendant PERCY approached Plaintiff and prior to putting Plaintiff into hand cuffs, started pistol whipping, stepping on, elbowing, kicking and slamming TOMLIN's head onto the pavement of the roadway.

16.     At no point did Plaintiff resist the Defendant PERCY's commands and orders.

- 3 -

17.     Defendant PERCY did not stop assaulting Plaintiff until after other officers had arrived.

18.     Defendant PERCY was never in danger of being injured or in fear by Plaintiff has his arms were up and Plaintiff was obeying the commands and orders of PERCY.

19.     Plaintiff complained about the assault and injuries from PERCY to the other officers who were present.

20.     Plaintiff never posed a threat to PERCY.

21.     Plaintiff never attempted nor assaulted PERCY.

22.     Plaintiff was never even charged with resisting and obstructing the officers.

23.     Plaintiff was then taken to the Hospital for his injuries he sustained from the direct assault from Defendant PERCY.

24.     The acts complained of above by the Defendant PERCY, proximately caused damage to Plaintiff TOMLIN, including, but not limited to:

    a.  Facial and Scalp contusions;

    b.  Fractured Facial Bone;

    c.  Head injuries;

    d.  Past, present and future pain and suffering;

    e.  Past, present and future mental anguish and emotional distress;

Haddad Law Firm. PLC.

f.  Medical expenses;

g.  Mortification, shame, humiliation, fright and shock;

h.  Loss of income; and

i.  Loss of enjoyment of life.

**COUNT I**
**FOURTH AMENDMENT VIOLATIONS**
**EXCESSIVE FORCE**
**UNDER 42 U.S.C §1983**

25.     Plaintiff restates and incorporates by reference each of the preceding paragraphs as though fully restated herein.

26.     The actions of Defendant PERCY of pistol-whipping, punching, stepping on, elbowing, kicking and slamming TOMLIN's head onto the pavement of the roadway many times was an unreasonable seizure in the form of excessive force in violations of the 4th Amendment, made actionable by 42 U.S.C. §1983.

27.     The damages described above in which Plaintiff received at the hands of Defendant PERCY were proximately caused by said constitutional violations.

WHEREFORE, Plaintiff prays this Honorable court enter Judgment against Defendants jointly and severally, in whatever amount is fair, just and equitable for the injuries and damages, compensatory and punitive, so wrongfully sustained by Plaintiff together with interest, costs and attorney fees under 42 U.S.C. §1988.

Haddad Law Firm. PLC.

## COUNT II
## FAILURE TO PROTECT
## UNDER 42 U.S.C §1983

28.     Plaintiff restates and incorporates by reference each of the preceding paragraphs as though fully restated herein.

29.     Those Defendants JOHN DOES I-III, unknown to Plaintiff, who were present and who did not assault TOMLIN at a time of the encounter, stood by when they had the opportunity to intervene to prevent this abuse by Defendant PERCY.

30.     Defendants JOHN DOE I-III failed to protect TOMLIN, from an unreasonable seizure in the form of excessive force in violation of the 4th Amendment, made actionable by 42 U.S.C. §1983.

31.     The damages described above by Plaintiff were proximately caused by said constitutional violations.

WHEREFORE, Plaintiff prays this Honorable court enter Judgment against Defendants jointly and severally, in whatever amount is fair, just and equitable for the injuries and damages, compensatory and punitive, so wrongfully sustained by Plaintiff together with interest, costs and attorney fees under 42 U.S.C. §1988.

## COUNT III
## MUNICIPAL LIABILITY

32.     Plaintiff restates and incorporates by reference each of the preceding paragraphs as though fully restated herein.

33.     Plaintiff, TOMLIN, complained to the Defendant CITY OF ST CLAIR SHORES (CITY) of this abuse by the individual Defendant PERCY, but nothing was done, ratifying and condoning their actions.

34.     Defendant CITY, through the Police Department, has a custom, policy and practice of failing to train supervise or discipline its officers for the excessive use of non-fatal force in warrantless street arrests.

35.     Plaintiff TOMLIN's injuries were directly and proximately caused by the CITY's custom, policy and practice.

WHEREFORE, Plaintiff prays this Honorable court enter Judgment against Defendants jointly and severally, in whatever amount is fair, just and equitable for the injuries and damages, compensatory and punitive, so wrongfully sustained by Plaintiff together with interest, costs and attorney fees under 42 U.S.C. §1988.

## COUNT IV
## ASSAULT

36.     Plaintiff restates and incorporates by reference each of the preceding paragraphs as though fully restated herein.

37.     On June 27, 2019, Defendant PERCY did intentionally attempt or threatened to inflict physical injures upon Plaintiff.

38.     At that time, Defendant PERCY did have an ability to cause such harm against Plaintiff.

39.     At that time, Defendant PERCY's actions, intentional attempts, and/or threats to inflict physical injures upon Plaintiff did create a reasonable apprehension of a bodily harm or offensive contact in Plaintiff.

40.     Plaintiff suffered fright, shock, server emotional distress, physical manifestations of suffering related to such threats, and other injuries.

WHEREFORE, Plaintiff prays this Honorable court enter Judgment against Defendants jointly and severally, in whatever amount is fair, just and equitable for the injuries and damages, compensatory and punitive, so wrongfully sustained by Plaintiff together with interest, costs and attorney fees under 42 U.S.C. §1988.

## COUNT V
## BATTERY

41.     Plaintiff restates and incorporates by reference each of the preceding paragraphs as though fully restated herein.

42.     On June 27, 2019, Defendant PERCY pistol whipped, punched stepped on, elbowed, kicked and slammed Plaintiff TOMLIN's head onto the pavement of the roadway many times.

43.     At that time, Defendant PERCY intentionally touched and/or applied force to Plaintiff's physical body in a harmful or offensive manner without Plaintiff's consent and with the intention of harming and/or offending Plaintiff.

WHEREFORE, Plaintiff prays this Honorable court enter Judgment against Defendants jointly and severally, in whatever amount is fair, just and equitable for

the injuries and damages, compensatory and punitive, so wrongfully sustained by

Plaintiff together with interest, costs and attorney fees under 42 U.S.C. §1988.

**COUNT VI**
**<u>INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS</u>**

44.     Plaintiff restates and incorporates by reference each of the preceding

paragraphs as though fully restated herein.

45.     Defendant PERCY exhibited extreme and outrageous conduct with

intent or recklessness such that the conduct of Defendant did cause Plaintiff server

emotional distress.

46.     Defendant PERCY's behavior and callous disregard of Plaintiff's

rights, along with Defendant PERCY's physical acts and threats of violence,

constitute an egregious affront to Plaintiff's dignity and exceed all bounds of

human decency in a civilized society.

47.     Plaintiff's damages and injures are a direct result of Defendant

PERCY's intentional and malicious actions.

WHEREFORE, Plaintiff prays this Honorable court enter Judgment against

Defendants jointly and severally, in whatever amount is fair, just and equitable for

the injuries and damages, compensatory and punitive, so wrongfully sustained by

Plaintiff together with interest, costs and attorney fees under 42 U.S.C. §1988.

Respectfully submitted,

*/s/ Issa G. Haddad*

_____

HADDAD LAW FIRM, PLC

By:    Issa G. Haddad (P71699)
        Attorney for Plaintiff
        30600 Telegraph Road, Suite 3150
        Bingham Farms, Michigan 48025
        Tel: (248) 633-8500
        Fax: (248) 633-8484
Dated: March 23, 2021        issa@haddlaw.com

- 10 -

## JURY DEMAND

Plaintiff hereby demands a jury trial on all issues so triable.

Respectfully submitted,

*/s/ Issa G. Haddad*

_____

HADDAD LAW FIRM, PLC
By:   Issa G. Haddad (P71699)
Attorney for Plaintiff
30600 Telegraph Road, Suite 3150
Bingham Farms, Michigan 48025
Tel: (248) 633-8500
Fax: (248) 633-8484
Dated: March 23, 2021   issa@haddlaw.com

- 11 -